### RICHARD TAYLOR CO. v. CANNON.

(Supreme Court, Appellate Term, First Department.    February 26, 1896.)

ASSUMPSIT—ACTION FOR MATERIALS AND LABOR—SUFFICIENCY OF EVIDENCE.

In an action by a corporation for work and material furnished defendant, it appeared that the order was given by defendant to his debtor, with the understanding that the value of the work and material was to be credited on his bill; that defendant did not know plaintiff, or intend to contract with it; and that such debtor died during the performance of the work, without having disclosed any agency, and defendant had no reason to suspect there was any.    There were circumstances justifying findings that such debtor did not contract as agent, but as principal, and that, if any labor or material came from plaintiff, defendant was unaware of it at the time, and it must have been furnished under some arrangement by which such debtor should pay for it.    *Held*, that a judgment for defendant was proper.

Appeal from Eleventh district court.

Action by the Richard Taylor Company against Mott D. Cannon for work and material alleged to have been furnished by plaintiff to defendant.    From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Daniel S. Decker, for appellant.

B. B. Kenyon, for respondent.

PER CURIAM.    The action is for work and material furnished. The order was given to Richard Taylor about October, 1894, when he owed the defendant $317 for professional services, and the understanding had between them was that the value of the work and material was to be credited on this bill.    The defendant did not know the plaintiff corporation, nor did he intend to contract with it, his purpose being to secure payment of some part of his account.    Taylor died during the performance of the work, and on his death the work, though unfinished, ceased.    He never disclosed any agency, nor had the defendant any reason to suspect there was one.    In view of the judgment rendered by the justice, he must have found, as matter of fact, that Taylor did not contract in the capacity of agent, but as principal, and that, if any of the labor or material came from the plaintiff corporation, the defendant was unaware of it at the time, and it must have been so furnished under some arrangement by which Taylor should pay the plaintiff for it.    There are circumstances giving color to this theory.

Upon the record the judgment must be affirmed, with costs.